United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51241
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO QUEZADA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-338-3
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfredo Quezada appeals his 212-month sentence for

possession with intent to distribute heroin pursuant to 21 U.S.C.

§ 841(b)(1)(C). The Government does not seek enforcement of the

sentence appeal waiver provision of the written plea agreement.

Quezada contends that his trial counsel was ineffective for

failing to seek a downward departure or an offense level

reduction pursuant to U.S.S.G. § 3B1.2 and for failing to object

to the calculation of Quezada's criminal history points.

However, Quezada does not challenge the application of the career

offender guideline, U.S.S.G. § 4B1.1, nor does he argue that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel was ineffective for failing to object to the application of this guideline. Quezada's offense level and criminal history category were dictated by § 4B1.1. Accordingly, Quezada was not prejudiced by any allegedly deficient performance by counsel regarding the calculation of a guideline range that would have been applicable otherwise, but was not. Quezada has failed to show that counsel was ineffective. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Quezada makes no argument showing that a limited role in an offense, which is provided for in § 3B1.2, is not adequately taken into consideration under the Sentencing Guidelines. He has not adequately briefed any argument that counsel was ineffective for failing to move for a downward departure based on Quezada's limited role in the offense, and we will not address the issue. See United States v. Brace, 145 F.3d 247, 255-56 (5th Cir. 1998) (en banc); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED.